Troutman Pepper Locke LLP
3000 Two Logan Square, Eighteenth and Arch Streets
Philadelphia, PA 19103

troutman.com

A. Christopher Young
D 215.981.4190
Christopher.young@troutman.com

April 2, 2025



**VIA ECF**

Hon. Jessica G. L. Clarke
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
ClarkeNYSDChambers@nysd.uscourts.gov

**Re:** **Old Slip Benefits & Insurance Services, LLC v. Allstate Insurance Company, Case No. 25-CV-1110-JGLC**

Dear Judge Clarke:

We represent Defendant, Allstate Insurance Company ("Allstate") in the above-captioned action. Consistent with Rule 5(d) of Your Honor's Individual Rules and Practices in Civil Cases, we write to respectfully request that the Court permit certain of Allstate's documents that were filed by Plaintiff, Old Slip Benefits & Insurance Services, LLC ("Old Slip"), as exhibits to its Memorandum of Law in Opposition to Allstate's Motion for Order Declaring the TRO Has Expired (ECF No. 21) (the "Opposition"), to remain redacted.

By way of background, on March 28, 2025, Old Slip's counsel advised that Old Slip intended to file two emails between Allstate employees that Allstate had previously produced and designated as "confidential" and asked whether Allstate desired them to be filed under seal. We advised Old Slip's counsel that Allstate considers the public disclosure of its non-party employees' phone numbers, e-mail addresses, and hyperlinks to present privacy and cybersecurity concerns and asked that: (1) the two documents be filed under seal; or (2) in the alternative, the two documents be filed with Allstate's proposed redactions to that confidential information. Later that day, Old Slip filed its Opposition along with the two Allstate emails containing limited redactions to that sensitive information designated as Exhibits "C" (ECF No. 21-3) and "D" (ECF No. 21-4) (collectively the "Exhibits").

The few redactions in the Exhibits relate to non-parties whose privacy interests weigh against public disclosure. Allstate respectfully requests that the Court allow Allstate's narrowly-tailored redactions to the Exhibits to remain on the docket.



Although courts in the Second Circuit have recognized a common law presumption of public access to judicial documents, "a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *Utica Mut. Ins. Co. v. INA Reinsurance Co.,* 468 F. App'x 37, 39 (2d Cir. 2012). "The privacy interests of innocent third parties also 'should weigh heavily in a court's balancing equation.'" *In re Google Digital Adver. Antitrust Litig*., 2021 U.S. Dist. LEXIS 200426, at *37 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001)). "Non-parties to an action may have 'significant privacy interests' that favor redaction of identifying information." *Id*. at *44 (quoting *Kewazinga Corp. v. Microsoft Corp.*, 2021 U.S. Dist. LEXIS 62974, at *5 (S.D.N.Y. Mar. 31, 2021). This is particularly true when, as here, "[t]he . . . contact information of these employees have no apparent bearing on any issue in this dispute." *Id*. Thus, the privacy interests of Allstate's employees, as well as cybersecurity concerns that may potentially result from disclosure of such contact information, outweigh the strong presumption of public access. Accordingly, Allstate respectfully requests that the Court approve of the limited redactions to the Exhibits and allow them to remain on the docket.

Respectfully submitted,

*/s/ C. Christopher Young*

A. Christopher Young

cc: all counsel of record (*via ECF*)

Application GRANTED. The documents filed by Plaintiff as exhibits to ECF No. 21 may remain redacted. Any future redactions must be filed in accordance with the Court's Individual Rule 5. The Clerk of Court is respectfully directed to terminate ECF No. 23.

SO ORDERED.

*/s/ Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: April 4, 2025
       New York, New York