UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLD SLIP BENEFITS & INSURANCE SERVICES, LLC,

                              Plaintiff,

              -against-

ALLSTATE INSURANCE COMPANY, et al.,

                              Defendants.

---

25-CV-1110 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

The Court has closely reviewed the parties' briefing at ECF Nos. 50, 52, and 55 regarding Plaintiff's request for an immediate hearing on its preliminary injunction motion. Plaintiff's application is denied.

As an initial matter, the Court already ruled against this requested relief, *see* ECF No. 48 at 5, and the Court finds no basis to reconsider that ruling.

Additionally, the Court is divested from jurisdiction with respect to Plaintiff's request. Plaintiff has appealed the Court's ruling, and the issue of the status of the preliminary relief Plaintiff obtained is pending before the Second Circuit. It is well-settled that "it is a waste of judicial resources for two courts to be considering the same issues in the same case at the same time[.]" *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989). It is for that reason that a notice of appeal will "divest[] the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *Id.* at 1350. The issue of "divestiture of jurisdiction" is "rooted in the interest of judicial economy" and although it is not automatic, it "is guided by concerns of efficiency." *New York v. U.S. Dep't of Homeland Sec.*, 475 F. Supp. 3d 208, 224 (S.D.N.Y. 2020) (internal citations and quotation marks omitted).

Here, the issue of Plaintiff's request relief is pending before the Second Circuit. *See* ECF No. 56. Any decision by the Second Circuit will dictate whether Plaintiff can properly seek the relief in its preliminary injunction request. Either the Second Circuit will agree that the temporary restraining order expired long ago, and no preliminary injunction is in place, in which case Plaintiff's requested relief in its preliminary injunction motion is moot. Plaintiff would then need to seek new relief—namely, an order requiring Allstate to reinstate its contract with Plaintiff. This extraordinary relief has not yet been requested (nor could it have been) and has not been briefed before this Court or the state court. Or, the Second Circuit will agree with Plaintiff that the TRO remains in place, in which case the Court would thereafter hold a hearing on the preliminary injunction. Or, if the Second Circuit determines that Justice Jamieson's ruling is in effect a preliminary injunction, then any preliminary injunction hearing would be unnecessary. Holding a hearing now based on this uncertainty is extremely inefficient and a waste of judicial resources, making divestiture appropriate.

The case—*Broker Genius, Inc. v. Seat Scouts LLC*—relied on by Plaintiff is particularly instructive. No. 17-CV-8627 (SHS), 2019 WL 452050 (S.D.N.Y. Feb. 5, 2019). There, the court concluded it was permitted to proceed on the merits while an appeal of a preliminary injunction entered in the case was pending. *Id.* at *2. The case went to trial, and the defendants were found liable. The plaintiff then sought to reduce the amount of security it posted for the preliminary injunction. The court concluded that it was divested from jurisdiction to do so because the preliminary injunction remained on appeal. *Id.*

Here, the Court likewise concludes that it may proceed with the merits of this case, but not Plaintiff's requested preliminary relief. The Court has already held an initial pretrial conference and entered the parties' proposed case management plan. The parties will proceed

toward trial. The Court only refrains from addressing Plaintiff's requested preliminary relief. This approach is consistent with *Broker Genius* and the other cases Plaintiff relies on that stand for the proposition that the Court is not completely divested from jurisdiction based on an interlocutory appeal.

Plaintiff also cites *Kidder* and *New York v. U.S. Dep't of Homeland Sec.,* which do not mandate a different result. In those cases, the courts issued preliminary injunctions while an interlocutory appeal was pending in quite different circumstances. In *Kidder*, the Court issued a preliminary injunction to preserve the status quo. *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 565 (2d Cir. 1991). Here, the Second Circuit has already temporarily stayed the effect of the Court's order. And, in *New York*, the court issued a preliminary injunction when the plaintiffs sought new relief based on new intervening facts. *New York v. United States Dep't of Homeland Sec.,* 475 F. Supp. 3d 208, 224–225 (S.D.N.Y. 2020). The facts here have not changed.

Lastly, even if the Court is not divested from jurisdiction with respect to this issue, the Court, in its discretion, declines to address Plaintiff's potentially moot request for the reasons stated above. And no rule requires otherwise. During the initial pretrial conference, Plaintiff's counsel repeatedly stated that the Court was ***required*** to hold a preliminary injunction hearing as soon as practicable, citing Federal Rule of Civil Procedure 65(b)(3). That argument did not appear in Plaintiff's briefing—and for good reason. That rule applies for temporary restraining orders issued without notice, which is inapplicable here. *See* FED. R. CIV. P. 65(b)(3)*.* For this same reason, the Court declines to hold a hearing in order to provide an indicative ruling under Federal Rule of Civil Procedure 62.1.

As such, the Court denies Plaintiff's requested relief and will revisit this issue after further ruling from the Second Circuit. The Clerk of Court is respectfully directed to terminate ECF No. 50.

Dated: June 2, 2025
       New York, New York

                                              SO ORDERED.

                                              _Jessica Clarke_

                                              JESSICA G. L. CLARKE
                                              United States District Judge