UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLD SLIP BENEFITS & INSURANCE SERVICES, LLC, Plaintiff, v. ALLSTATE INSURANCE COMPANY and ALLSTATE FINANCIAL SERVICES, LLC, Defendants. | **MEMORANDUM OPINION AND ORDER**<br>25 CV 1110 (VB) |

Briccetti, J.:

Plaintiff Old Slip Benefits & Insurance Services, LLC, brings this diversity action against defendants Allstate Insurance Company ("Allstate") and Allstate Financial Services, LLC ("AFS"), alleging fraudulent inducement, violation of the implied covenant of good faith and fair dealing, and violation of the New York Franchise Sales Act ("NYFSA").

Now pending are defendants' motions to seal documents submitted in connection with (i) defendants' motion for summary judgment (Doc. #93), (ii) plaintiff's motion for partial summary judgment (Doc. #106), (iii) defendants' opposition to plaintiff's motion for partial summary judgment (Doc. #129), and (iv) plaintiff's opposition to defendants' motion for summary judgment (Doc. #121). (Docs. ##114, 136).

For the reasons set forth below, defendants' motion is DENIED IN PART AND GRANTED IN PART.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

The Court presumes the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

I. Legal Standard

In this Circuit, courts look to two sources of law to determine whether a document should be placed under seal: the common law and the First Amendment.

The common law analysis proceeds in three steps. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). First, the Court must determine whether the relevant document is a "judicial document" to which a presumption of public access attaches. Id. "A judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process."[1] Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016). Second, if the presumption of access applies, the Court assesses its weight. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 119. This presumption "is at its zenith where documents directly affect an adjudication, or are used to determine litigants' substantive legal rights, and is at its weakest where a document is neither used by the court nor presented to the court to invoke its powers or affect its decisions." Olson v. Major League Baseball, 29 F.4th 59, 90–91 (2d Cir. 2022). Third, the Court balances the presumption against competing considerations. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 120. Such considerations may include, for example, "judicial efficiency and the privacy interests of those resisting disclosure." Id.

The First Amendment analysis involves two inquiries. The "experience and logic approach requires the court to consider both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

functioning of the particular process in question." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 120. There is a second approach that "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." Id. Even if there is a First Amendment right of access to a judicial document, the document may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id.

II. Analysis

Under the common law analysis, the documents at issue are plainly judicial documents. "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 121. As judicial documents, they are entitled to a strong presumption in favor of public access. See Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019). Similarly, under the First Amendment analysis, a qualified right of access applies to documents submitted in connection with both parties' summary judgment motions. See Attestor Master Value Fund LP v. Argentina, 113 F.4th 220, 235 (2d Cir. 2024); In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 196134, at *5 (S.D.N.Y. Jan. 17, 2023). However, "[n]otwithstanding the presumption of access under both the common law and the First Amendment . . . documents may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d at 124.

The Court has applied these governing principles in considering and resolving each specific sealing request and the proposed redactions. The requests and the Court's analysis fall into three categories: (i) commercially sensitive information; (ii) private personal information, and (iii) information relating to potential cybersecurity threats.

A. Commercially Sensitive Information

This category includes Allstate's negotiated pricing terms with third-parties, non-public aspects of Allstate's commercial relationships, insurance agency program design strategies, and Allstate's underwriting and risk-management frameworks. "[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." In re B & C KB Holding GmbH, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023). This is because "[i]f publicly revealed, sensitive business information could undercut a business's competitive advantage." Brunckhorst v. Bischoff, 2024 WL 4276201, at *3 (S.D.N.Y. Sep. 24, 2024).

Here, the Court finds defendants' interest in protecting this commercially sensitive information outweighs the presumption of public access under both the common law and the First Amendment analyses. Defendants seek to redact information about its agency program and contractual terms with non-party vendors. A competitor could exploit such information to gain insight into Allstate's current business practices. Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Further, because defendants narrowly tailored their requests to remove only confidential information from public access, their privacy interests outweigh the presumption of public access. See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011). Accordingly, commercially sensitive information may remain sealed.

B. Private Personal Information

This category includes personal identifying information of non-party individuals and Allstate employees, such as non-party lending account numbers and Allstate employees' personal contact information. "Typically, sealing of personal information . . . is warranted unless

that information has bearing on issues before the court." Farris v. Avon Prods., Inc., 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024). And "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). Accordingly, because the non-party lenders' account numbers and Allstate employees' personal contact information had no bearing on the Court's summary judgment ruling and concern the privacy interests of non-parties, the sealing of this information is appropriate.

C. Information Relating to Potential Cybersecurity Threats

Defendants seek to redact information relating to "cybersecurity-sensitive access paths and account identifiers." (Doc. #114). According to defendants, Allstate internal URLs, email addresses, and phone numbers should be redacted because "they operate as access paths and contact points within Allstate's system." (Docs. ##114 at 6, 7, 9–12; 136 at 3). Although the Court agrees that Allstate employees' personal contact information may be redacted, to the extent defendants seek to redact a generic internal URL, phone number or email address, that request is denied. Defendants have not shown how public access to this information constitutes a cybersecurity threat to Allstate. Nor have they cited any authority—and the Court is also not aware of any—for the proposition that a potential cybersecurity threat is a compelling reason to seal given the competing principles in favor of public access. Because defendants have not shown "more than generalized concerns . . . that some identifiable harm is likely to occur in the absence of sealing," the Court will not permit the sealing of information within this category. Fischman v. Mitsubishi Chem. Holdings Am., Inc., 2019 WL 3034866, at *3 (S.D.N.Y. July 11, 2019).

## III. Rulings

After careful consideration of defendants' requests, the Court finds the request to seal Docs. ##112-40 and 112-44 is warranted. Further, the majority of defendants' proposed redactions are narrowly tailored and redact only information of minimal relevance to the Court's decisions. Accordingly, defendants' proposed redactions are denied only with respect to the following:[2]

- Doc. #112-8: The Court rejects defendants' proposed redactions as to ECF pages 1, 2, and 3.
- Docs. ##112-13, 112-37: The Court rejects defendants' proposed redactions.
- Doc. #112-31: The Court rejects defendants' proposed redactions as to ECF pages 2, 12, and 13.
- Doc. #99-20: The Court rejects defendants' proposed redactions as to ECF pages 3, 13, 14.
- Doc. #112-32: The Court rejects defendants' proposed redactions as to ECF pages 2, 12, 13.
- Doc. #99-19: The Court rejects defendants' proposed redactions as to ECF pages 3, 13, 14.
- Doc. #112-33: The Court rejects defendants' proposed redactions as to ECF pages 2, 12, 13.
- Doc. #99-18: The Court rejects defendants' proposed redactions as to ECF pages 3, 13, 14.
- Doc. #112-34: The Court rejects defendants' proposed redactions as to ECF pages 4, 9, 10, and 11.
- Doc. #112-35: The Court rejects defendants' proposed redactions as to ECF page 4.

[2] All page numbers referenced below refer to the page numbers automatically assigned by the Court's Electronic Case Filing system ("ECF") of the unredacted, sealed version corresponding to the publicly filed redacted version of the document.

- Doc. #99-21: The Court rejects defendants' proposed redactions.

- Doc. #99-22: The Court rejects defendants' proposed redactions.

- Doc. #99-23: The Court rejects defendants' proposed redactions.

- Doc. #112-17: The Court rejects defendants' proposed redactions as to ECF pages 2, 3, 4, and 5.

- Doc. #112-18: The Court rejects defendants' proposed redactions as to ECF pages 4, 5, and 7.

- Doc. #127-4: The Court rejects defendants' proposed redactions as to ECF pages 3, 13, and 14.

- Doc. #127-3: The Court rejects defendants' proposed redactions as to ECF pages 3, 13, and 14.

- Doc. #127-2: The Court rejects defendants' proposed redactions as to ECF pages 3, 13, and 14.

- Doc. #127-7: The Court rejects defendants' proposed redactions.

- Doc. #132-5: Defendants inadvertently filed the entire document under seal, but sought only to redact certain information. For the reasons stated previously, nothing within this document warrants sealing or redacting. Accordingly, this document may not remain under seal and defendants should not re-file this document with the proposed redactions.

Unless specifically rejected above, defendants' requests either to seal or to make proposed document redactions are granted. Accordingly, by August 20, 2026, the parties shall re-file all documents subject to the pending sealing motions in line with the Court's rulings set forth in this Order.

**CONCLUSION**

Defendants' motions to seal are GRANTED IN PART and DENIED IN PART.

The Clerk is instructed to terminate the motions. (Docs. ##114, 136).

Dated: August 6, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge