UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLD SLIP BENEFITS & INSURANCE SERVICES, LLC,<br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY and ALLSTATE FINANCIAL SERVICES, LLC,<br><br>Defendants. | **OPINION AND ORDER**<br><br>25 CV 1110 (VB) |

Briccetti, J.:

Before the Court is plaintiff's motion for reconsideration (Doc. #161) of the portion of the Court's Opinion and Order dated August 6, 2026 (Doc. #159 ("Opinion")), in which the Court granted defendants' motion for summary judgment on plaintiff's breach of the implied covenant of good faith and fair dealing claim.

For the reasons set forth below, the motion is DENIED.

The parties' familiarity with the factual and procedural background of this case is presumed.

## DISCUSSION

### I. Legal Standard

"To prevail on a motion for reconsideration, the movant must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001).[1] Such a motion should be granted only when the Court has overlooked

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

facts or precedent that might have altered the conclusion reached in the earlier decision. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also S.D.N.Y. Local Civ. R. 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not . . . advance new facts, issues, or arguments not previously presented to the court." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." In re Platinum-Beechwood Litig., 2019 WL 3759171, at *2 (S.D.N.Y. July 23, 2019).

II. Analysis

Plaintiff argues the Court overlooked or misconstrued material facts concerning the Exclusive Agency Agreement between plaintiff Old Slip Benefits & Insurance Services, LLC, and defendant Allstate Insurance Company ("Allstate") (the "Agreement"). Specifically, plaintiff contends the Court overlooked plaintiff's status as an independent contractor under the Agreement. According to plaintiff, its status as an independent contractor conferred a default right to operate outside investment businesses and cross-sell, absent language in the Agreement providing otherwise. Because the Court found the Agreement ambiguous as to whether it prohibited cross-selling, plaintiff reasons, a jury could find plaintiff reasonably expected this default right, and Allstate's termination breached that expectation.

But plaintiff failed to raise this argument previously. On summary judgment, plaintiff

argued only that the Agreement's language entitled it to the expected benefit of operating outside investment businesses, and, separately, that Mr. Lukezic reasonably understood—based on defendants' alleged oral assurances, and irrespective of the Agreement's terms—that he would be permitted to continue his separate securities business. (See Doc. #121 at 22–23).

"[A] motion for reconsideration cannot assert new arguments or claims which were not before the court . . . and consequently cannot be said to have been considered." Miss Jones LLC v. Stiles, 2019 WL 3034906, at *3 (S.D.N.Y. July 10, 2019). Plaintiff offers no explanation for its failure to include this argument and therefore "it is not a proper basis for reconsideration." Procter & Gamble Cellulose Co. v. Investbanka Beograd, 2000 WL 35911754, at *1 (S.D.N.Y. Jan. 5, 2000). Thus, the motion fails for that reason alone.

In any event, plaintiff's motion also fails on the merits. Whether an independent contractor may accept other work is an inquiry relevant to whether that party can be properly characterized as an independent contractor in the first place. See Lively v. Wayfarer Studios LLC, 828 F. Supp. 3d 375, 434 (S.D.N.Y. 2026). But not every contract involving an independent contractor automatically grants that party a default contractual right to accept or perform other work. And plaintiff points to no authority showing otherwise. The cases plaintiff cites are inapposite, as the courts in those cases look to whether an individual is free to engage in outside work when determining whether an individual should be classified as an independent contractor. See, e.g., Matter of Ewens, 159 N.Y.S.3d 546, 548 (3d Dep't 2021); Ivanov v. Builderdome, Inc., 2021 WL 2554620, at *10 (S.D.N.Y. June 22, 2021). They do not stand for the proposition that an independent contractor retains a default contractual right to accept other work.

Contrary to plaintiff's assertion, that the Court found a genuine dispute of fact as to whether the agreement prohibited cross-selling does not automatically entitle plaintiff to defeat summary judgment on the implied covenant claim, because those two claims (fraudulent inducement and breach of the implied covenant of good faith and fair dealing) involve different inquiries. Rather, as the Court already concluded, the implied covenant inquiry turns on whether the allegedly breaching party did something inconsistent with the rights or obligations set forth in the terms of the contract. (Opinion at 18). Plaintiff's status as an independent contractor does not alter the Court's prior conclusion; namely, that the Agreement does not entitle plaintiff to the benefit of operating its separate investment business alongside the Allstate agency. (Id.)

Therefore, Allstate's termination of the Agreement did not deprive plaintiff of a benefit to which it was entitled under the contract and defendant's motion for summary judgment on this basis was properly granted.

**CONCLUSION**

Plaintiff's motion for reconsideration is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #161).

The status conference set for October 13, 2026, at 10:00 a.m., will proceed as scheduled.

Dated: September 24, 2026
White Plains, NY

SO ORDERED:



Vincent L. Briccetti
United States District Judge